# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

NICHOLAS DAVIS                                              PETITIONER
ADC #128996

V.                            NO. 5:14cv00309-DPM-JTR

RAY HOBBS, Director,                                       RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before
the United States District Judge was not offered at the hearing
before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or
other evidence (including copies of any documents) desired to be
introduced at the requested hearing before the United States
District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas

Corpus filed by Nicholas Davis ("Davis"), an inmate in the Arkansas Department of

Correction. *Doc. 2.* Respondent has filed a Response, *Doc. 8*, and Davis has filed a

Reply, *Doc. 10*. Thus, the issues are joined and ready for disposition.

Before addressing Davis's habeas claim, the Court will review the procedural history of the case.

On August 1, 2003, Davis appeared in Pulaski County Circuit Court and entered negotiated guilty pleas to first degree murder, aggravated robbery and theft of property. He was sentenced to an aggregate sentence of 720 months of imprisonment. *Doc. 2, at 8-11*. Because his pleas were unconditional, Davis waived his right to a direct appeal. *See* Ark. R. App. P.-Crim 1(a); Ark. R. Crim. P. 24.3(b) (2003).

On January 26, 2012, Davis filed a state petition for writ of error coram nobis in the trial court. On August 17, 2012, the Court entered an order denying the coram nobis petition. *Doc. 2, at 12-14.* Davis did not file a timely notice of appeal.[1] He later filed a motion for belated appeal of the trial court's order denying coram nobis relief. On February 27, 2014, the Arkansas Supreme Court entered a "Formal Order," summarily denying Davis's motion. *Id. at 15*.

On August 11, 2014, Davis initiated this *pro se* § 2254 habeas action. In his habeas papers, he argues that his attorney coerced him into pleading guilty. Specifically, he alleges that, after he was physically assaulted in the courtroom by a member of the victim's family, his attorney "badgered" him into pleading guilty to

---

[1]*Doc. 3, at 4*; *see* Ark. R. App. P.-Crim. 2(a)(1) (notice of appeal must be filed within 30 days from entry of judgment).

first degree murder. He argues that he "was not mentally capable of resisting his attorney's persuasive tactics," and that his attorney "coax[ed] him to plea bargain his life with the state under extreme duress" and "failed to inform petitioner of his right to ask the lower court to withdraw his guilty plea or file for Rule 37 in a timely manner in the event he felt his plea was unjust." *Doc. 3, at 1-2, 4-6.*

Respondent contends that Davis's claim: (1) is barred by the one-year statute of limitations applicable to federal habeas petitions; and (2) is procedurally defaulted due to his failure to timely seek post-conviction relief in state court.

For the reasons discussed below, the Court recommends that the Petition be denied as untimely.[2]

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Davis's Judgment and Commitment Order was filed with the court clerk on August 5, 2003.[3] Because his guilty pleas waived his right to appeal, his convictions

---

[2]Thus, the Court need not address Respondent's procedural default argument.

[3]*Doc. 2, at 8; see Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit

were "final" at that time for purposes of § 2244(d)(1)(A). From that date, Davis had one year, until August 5, 2004, to file this federal habeas action.

Davis initiated this action on August 11, 2014, ten years *after* the expiration of the one-year statute of limitations.[4]

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). However, because Davis filed his state coram nobis petition *after* the statute of limitations had already run, that petition had no tolling effect under this provision. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").

To excuse his untimeliness, Davis argues that his claim is based on a "new rule of constitutional law" regarding the effectiveness of counsel in connection with plea bargaining, as announced by the United States Supreme Court in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). He also argues

---

court clerk); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (judgment, decree or order is "entered" when stamped or marked with the date and time and the word "filed").

[4]Although the Clerk of Court received and file-stamped Davis's habeas Petition on August 15, 2014, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. Davis certified that he placed his Petition in the prison mailing system on August 11, 2014. *Doc. 2, at 7.*

that his only access to legal assistance during his incarceration has been through a "jailhouse lawyer." *Doc. 10*.

In some circumstances, the one-year limitations period for filing a federal § 2254 action does not begin to run until the date on which "the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). However, Davis's argument is unavailing as neither of the cited decisions announced a newly recognized constitutional right that would apply retroactively to Davis's case. *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (concluding, "as have the other circuit courts of appeal that have addressed the issue, that neither [*Lafler*] nor *Frye* announced a new rule of constitutional law").

The Supreme Court has long recognized that the Sixth Amendment right to effective assistance of counsel, as defined in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims arising out of the plea process. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In *Frye* and *Lafler*, the Supreme Court simply applied *Strickland*'s standard in specific factual contexts[5] and noted that its analysis "was

---

[5]*See Frye,* 132 S. Ct. at 1409 (noting its discussion involved an "application of *Strickland* to the instances of an uncommunicated, lapsed" plea offer); *Lafler*, 132 S. Ct. at 1384 (noting that "[t]he question for this Court is how to apply *Strickland*'s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial").

6

consistent with the approach many lower courts had taken for years, as well as with its own precedent." *Williams*, 705 F.3d at 294 (citing *Frye*, 132 S. Ct. at 1408-10; *Lafler*, 132 S. Ct. at 1385, 1390).

Although not specifically argued by Davis, the Court has also considered whether there might be any basis for him to claim equitable tolling of the one-year limitations period. Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

First, Davis has not demonstrated that he pursued his rights diligently. After he entered his guilty pleas in August 2003, Davis did not seek any post-conviction relief in state court *for more than eight years*, failed to timely appeal the denial of his state coram nobis proceedings, then waited five months after the Arkansas Supreme Court's denial of his belated appeal before initiating this federal habeas action. This does *not* show diligence by Davis. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five months after his post-conviction proceedings became final before seeking federal habeas relief);

7

*Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010).

Second, Davis has not alleged, much less demonstrated, any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

Accordingly, Davis's habeas claim is time-barred.


### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED THIS __12th___ DAY OF January, 2015.


_____
UNITED STATES MAGISTRATE JUDGE